UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESSICA TORRES,

                       Plaintiff,        6:17-cv-06281-MAT

                                                      **DECISION AND ORDER**

        -vs-

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.

---

## I. INTRODUCTION

Represented by counsel, Jessica Torres ("Plaintiff") has brought this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying her application for supplemental security income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## II. PROCEDURAL BACKGROUND

On June 14, 2013, Plaintiff protectively filed an application for SSI, alleging disability beginning March 12, 2010 due to mental health issues. Administrative Transcript ("T.") 81. Plaintiff's application was initially denied and she timely requested a hearing, which was held

before administrative law judge ("ALJ") Connor O'Brien on October 24, 2015. T. 30-80.

On September 25, 2015, the ALJ issued an unfavorable decision. T. 11-29. Plaintiff timely requested review by the Appeals Council, and submitted additional evidence for the Appeals' Council's consideration. Plaintiff's request for review was denied by the Appeals Council on March 9, 2017, making the ALJ's decision the final decision of the Commissioner. T. 1-7. Plaintiff then timely commenced this action.

### III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from June 14, 2013, the date of her application. T. 16.

At step two, the ALJ determined that Plaintiff had the severe impairments of depressive disorder, anxiety disorder, bipolar disorder, degenerative disc disease of the lumbar spine, and left knee impairment, and the non-severe impairment history of cocaine abuse. *Id*. At step three, the ALJ considered Plaintiff's impairments and found that, singly or in combination, they did not meet or medically equal the severity of a listed impairment. T. 17. In particular, the ALJ considered sections 1.00 and 12.00 in reaching this determination. T. 17-18.

Prior to proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), with the following additional limitations: can occasionally stoop, crouch, climb, kneel, crawl, and balance on narrow, slippery, or moving surfaces; can adjust to occasional changes in the work setting; can perform simple, unskilled work; can occasionally interact with the public, but cannot perform teamwork; can work to meet daily goals, but cannot maintain an hourly, machine-driven, assembly-line production rate; requires up to three additional, short, less-than-5-minute, unscheduled breaks beyond the normally scheduled breaks. T. 19.

At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a mail clerk. T. 24. In the alternative, at step five, the ALJ relied on the testimony of a vocational expert to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of housekeeping cleaner and office helper. T. 25-26. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 26.

## IV. DISCUSSION

### A. Scope of Review

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings

are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

In this case, Plaintiff's sole argument is that the Appeals Council failed to properly evaluate additional medical records submitted to it by Plaintiff, thereby resulting in a finding not supported by substantial evidence. For the reasons discussed below, the Court finds this argument without merit.

**B.    Consideration of Evidence Submitted to the Appeals Council**

In January and February of 2016, Plaintiff submitted additional medical records to the Appeals Council.  These records included: (1) treatment records from the Anthony Jordan Health Center from May 1, 2015 to August 12, 2015, related to Plaintiff's a left knee meniscus tear (T. 600-608); (2) a Monroe County Department of Human Services Psychological Assessment for Determination of Employability completed by licensed clinical social worker ("LCSW") Rebecca O'Neill on August 26, 2015 (T. 610-613); (3) treatment records from Dr. Irving

Oh of University Orthopedic Associates from July 22, 2015 to September 9, 2015 related to Plaintiff's left knee meniscus tear (T. 615-650); (4) treatment records from Genesee Mental Health from January 27, 2015 to September 24, 2015 (T. 652-651); and (5) records related to Plaintiff's knee from the Anthony Jordan Health Center dated November 4, 2015 (T. 8).

In its denial of Plaintiff's request for review, the Appeals Council stated that it had considered the additional evidence submitted by Plaintiff that pertained to the relevant time period and had "found that this information does not provide a basis for changing the Administrative Law Judge's decision." T. 2. With respect to the records from the Anthony Jordan Health Center dated November 4, 2015, the Appeals Council stated that these records did not pertain to the relevant time period and therefore did "not affect the decision about whether [Plaintiff] was disabled beginning on or before September 25, 2015." *Id*.

Plaintiff argues that the Appeals Council erred in its consideration of her newly submitted evidence. However, Plaintiff's argument relies on a misreading of the Appeals Council's decision. Plaintiff contends that the Appeals Council rejected all of the newly submitted evidence on the basis that it was "'new information about a later time' that did not affect the decision whether Plaintiff was disabled prior to September 25, 2015." Docket No. 12-1 at 19. This is incorrect. As set forth above, the only evidence that the Appeals Council declined to review on the basis that it did not pertain to the

relevant time period were the records from the Anthony Jordan Health Center dated November 4, 2015. With respect to the other new evidence submitted by Plaintiff, the Appeals Council did review that information, but concluded that it did not provide a basis for changing the ALJ's decision. T. 2. For the reasons discussed below, the Court finds no error in that determination.

A claimant may submit new evidence to the Appeals Council following an adverse ALJ disability determination without any showing of good cause. 20 C.F.R. §§ 404.970(b), 416.1470(b). The regulations provide that the Appeals Council "shall" consider "new" and "material" evidence that relates to the period on or before the date of the ALJ hearing decision. 20 C.F.R. §§ 404.970(b), 416.1470(b). A claimant must show that the proffered evidence is (1) "'new' and not merely cumulative of what is already in the record," and that it is (2) "material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." *Lisa v. Sec'y of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) (internal citations omitted). "The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)).

In this case, the new information submitted to the Appeals Council did not demonstrate that Plaintiff had any functional limitations beyond those found by the ALJ. With respect to Plaintiff's knee

condition, the additional records show that Plaintiff suffered a left knee meniscus tear in early 2015 and that she was scheduled for corrective surgery in September 2015, but that the surgery was postponed. T. 602-603, 607. On physical examination in July 2015, Plaintiff's knee was normal in appearance, she had a range of motion of 0-125 degrees of flexion, and there was no effusion, no significant pain on circumduction, stable varus and valgus stress. T. 621. A Lachman test was negative, while a McMurray test was positive. *Id*. Similarly, on September 9, 2015, Plaintiff had range of motion of 0-130 degrees of flexion and was "stable to varus and valgus stress as well as Lachman exam and posterior drawer exam." T. 645. Plaintiff was able to independently perform her activities of daily living without the use of an assistive device. T. 634. Plaintiff was referred to a surgeon specializing in arthroscopic knee surgery. T. 645. Imagining of Plaintiff's left knee on November 4, 2015 showed "very mild tricompartmental arthritic change" and "no evidence of acute fracture or dislocation." T. 8.

The Court finds that the Appeals Council did not err in concluding that the records newly submitted by Plaintiff were consistent with the ALJ's determination. The ALJ's RFC finding imposed limitations related to Plaintiff's knee pain. Specifically, the ALJ found that Plaintiff could only occasionally crouch, kneel, climb, crawl, balance, and stoop. *See* T. 19. Nothing in the records submitted to the Appeals Council suggests that any greater functional limitations should have been assessed.

Moreover, the records do not support the conclusion that any impairments related to Plaintiff's left knee meniscus tear had lasted or was expected to last at least 12 months. To the contrary, the tear was discovered in May 2015, and Plaintiff reported that the underlying pain had started "3 months ago" (T. 600), *i.e.* in February 2015. As such, this condition had existed for at most 10 months as of the date of the ALJ's decision in September 2015. To be considered disabling, "[a]n impairment must last or be expected to last for a continuous period of 12 months." *Iannopollo v. Barnhart*, 280 F. Supp. 2d 41, 46 (W.D.N.Y. 2003) (internal quotation omitted). Here, the impairment had not lasted for at least 12 months and was scheduled to be surgically alleviated. The Appeals Council therefore reasonably found that this evidence would not have a reasonable likelihood of changing the ALJ's decision.

Turning to Plaintiff's mental health impairments, the newly submitted evidence again does not demonstrate the existence of functional limitations beyond those included in the ALJ's RFC determination. With respect to LCSW O'Neill's assessment from August 2015, it is substantially similar to an assessment completed by LCWS O'Neill in January 2015, which the ALJ expressly considered and weighed. *See*. T. 23, 441-44, 610-13. The ALJ gave this assessment only little weight, explaining that it was internally inconsistent, was inconsistent with the clinical evidence of record (including LCSW O'Neill's own treatment notes), and was "a checklist-style form, with only little rationale provided for the opinions contained therein."

T. 23. LCSW O'Neill's August 2015 assessment suffers from these same infirmities, and therefore cannot reasonably have been expected to change the ALJ's determination.

Regarding the records from Genesee Mental Health, nothing therein demonstrates that Plaintiff has functional limitations greater than those assessed by the ALJ. For example, a mental status examination performed on January 27, 2015 showed that Plaintiff was groomed and cooperative, her speech was clear, her thought processes were logical and goal-oriented, and she was appropriately oriented. T. 652. That same day, Plaintiff's therapist suggested to her that she pursue a "10 hour work plan," but Plaintiff protested that she didn't know what she would do with her child. T. 654. The therapist explained that if Plaintiff was "considered appropriate for work from a mental health perspective," her child care concerns would have to be addressed outside the office setting. *Id*. On February 17, 2015, Plaintiff again was well-groomed and cooperative, her behavior was appropriate, her thought process was logical and goal-directed, her judgment was appropriate, her short-term and long-term memory were intact, and she was oriented as to person, place, and date. T. 655.

On May 1, 2015, Plaintiff was again well-groomed and cooperative, had appropriate behavior, logical and goal-directed thought processes, and intact short-term and long-term memory were intact. T. 656. On that same date, Plaintiff's therapist sent a letter to Plaintiff's counsel explaining that her office "do[es] not speak to [patients']

ability to work." *Id*. On June 2, 2015, Plaintiff had another largely normal mental status examination. T. 657.

The Appeals Council properly concluded that the records from Genesee Mental Health were consistent with the ALJ's decision. The ALJ included significant mental health related limitations in her RFC finding, including limiting Plaintiff to simple, unskilled work, finding that she could only occasionally interact with the public and could not perform teamwork, finding that Plaintiff cannot maintain an hourly, machine-driven, assembly line production rate, and finding that Plaintiff requires up to three short, unscheduled breaks. These limitations are fully consistent with Plaintiff's treatment records.

With respect to the records from the Anthony Jordan Health Center dated November 4, 2015, the Appeals Council is only required to consider "new and material evidence if it relates to the period on or before the date of the [ALJ's] hearing decision." *Miller v. Colvin*, No. 13-CV-6462P, 2015 WL 1431699, at *13 (W.D.N.Y. Mar. 27, 2015) (internal quotation omitted). Where a claimant submits "additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision," the Appeals Council will "send [the claimant] a notice that explains why it did not accept the additional evidence." 20 C.F.R. § 404.970(c). In this case, the records from November 4, 2015 were generated after the date of the ALJ's decision, and nothing therein suggests that they are meant to be retrospective or are otherwise related to Plaintiff's condition prior to September 25, 2015. As such, the Appeals Council did not err when

-10-

it informed Plaintiff that it had not accepted this evidence because it was "new information about a later time." T. 2.

In sum, the Court finds that the Appeals Council appropriately considered the additional evidence submitted to it by Plaintiff. As such, there is no basis for reversal of the Commissioner's determination or for remand of this matter.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 12) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 13) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**

                                        HON. MICHAEL A. TELESCA
                                        United States District Judge
Dated:    April 12, 2018
           Rochester, New York